UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE STERLING LACY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　　Defendants. | No. 2:15-cv-0639 TLN KJN P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

　　　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

////

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

In his 18 page complaint, plaintiff refers to a cover-up, negligence, a malicious assault or attack on November 27, 2013, "staff member corruption negligence," denial of medical care following the attack, and "a conspiracy to cover up a crime." (ECF No. 1, *passim*.) Plaintiff names no individuals as defendants; rather, plaintiff named only the State of California as a

2

defendant. In the text of the complaint, plaintiff mentions "A. Alkire" and "A. Tovar" in connection with "an unlawful act" on November 27, 2013. (ECF No. 1 at 4-5.)

The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against the State of California are frivolous and must be dismissed.

Moreover, plaintiff is already pursuing a civil rights complaint based on the events of November 17, 2013. In Lacy v. Folk, et al., Case No. 2:14-cv-2770 AC (E. D. Cal.), plaintiff alleges that while he was housed at High Desert State Prison, he was subjected to an excessive use of force on November 27, 2013. (Id., ECF No. 1 at 2-3.) Plaintiff included allegations of a conspiracy and a cover-up, as well as deliberate indifference to plaintiff's serious medical needs, and state law negligence claims. (Id., ECT No. 1 at 3-4.) In this earlier-filed case, plaintiff names A. Alkire and A. Tovar as defendants. (Id., ECF No. 1 at 3.)

The allegations in the instant complaint are not clear, but it appears that the allegations in the instant complaint are in large part the same as those raised in Case No. 2:14-cv-2770 AC. Plaintiff is advised that he cannot pursue the same claims in two different cases. Allegations arising from the same incident must be raised in the same lawsuit. If plaintiff seeks to add allegations concerning the events of November 27, 2013, he must seek leave to file an amended complaint in Case No. 2:14-cv-2770 AC.

Therefore, in an abundance of caution, the court will grant plaintiff leave to file an amended complaint to pursue claims that he has not raised in Case No. 2:14-cv-2770 AC, and which are not based on the events of November 27, 2013. In the alternative, plaintiff may file a notice of voluntary dismissal and avoid imposition of an additional $350.00 filing fee. Plaintiff is

////

////

////

1 cautioned that if he files an amended complaint in which he re-alleges claims raised in Case No.
2 2:14-cv-2770 AC, the undersigned will recommend dismissal of the action as duplicative of Case
3 No. 2:14-cv-2770 AC, and will impose the $350.00 filing fee.[1]

4     If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
5 about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v.
6 Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each
7 named defendant is involved. Id.  There can be no liability under 42 U.S.C. § 1983 unless there is
8 some affirmative link or connection between a defendant's actions and the claimed deprivation.
9 Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743
10 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil
11 rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

12     In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
13 make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
14 complaint be complete in itself without reference to any prior pleading. This requirement exists
15 because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.
16 Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original
17 pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an
18 original complaint, each claim and the involvement of each defendant must be sufficiently
19 alleged.

20     In accordance with the above, IT IS HEREBY ORDERED that:
21     1. Plaintiff's request for leave to proceed in forma pauperis is granted.
22     2. Plaintiff's complaint is dismissed.
23     3. Within thirty days from the date of this order, plaintiff shall complete the attached
24 Notice of Amendment and submit the following documents to the court:
25         a. The completed Notice; and
26 ////

---

[1] Plaintiff is required to pay the statutory filing fee of $350.00 for this action, 28 U.S.C. §§ 1914(a), 1915(b)(1), which will be deducted in installments from plaintiff's prison trust account.

      b. An original and one copy of the Amended Complaint OR a notice of voluntary dismissal.  Any amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

    Failure to respond to this order will result in a recommendation that this action be dismissed.

Dated:  June 1, 2015

/lacy0639.14+

KENDALL J. NEWMAN  
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| RONNIE STERLING LACY, | No. 2:15-cv-0639 TLN KJN P |
|---|---|
| Plaintiff, | |
| v. | NOTICE |
| STATE OF CALIFORNIA, | |
| Defendants. | |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

    _____    Amended Complaint

                          OR

    _____    Plaintiff chooses to voluntarily dismiss this action

                          and avoid imposition of the $350.00 filing fee.

DATED:

                          _____
                          Plaintiff